| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

| TRAVIS J. MORRIS, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DANA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Travis J. Morris, a black / African American resident of Fort Wayne Indiana at all material times to this Complaint.

2. The Defendant is Dana Corporation, a company doing business at 2100 West State Street, Fort Wayne Indiana 46808. At all material times to this Complaint the Defendant was and "employer" for the purposes of the Civil Rights Act of 1984, 42 U.S.C. § 2000(e) *et seq.* ("Title VII") and 42 U.S.C. § 1981.

3. Plaintiff filed a Charge of Discrimination with the Fort Wayne Metropolitan human Relations Commission, #EO-0161-A19/EEOC# 24D-2019-00237, on or about May 9, 2019, a copy of which is attached hereto, incorporated herein and made a part hereof as Exhibit A. The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on August 5, 2020, a copy of which is attached hereto and made a part hereof as Exhibit B. All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. Plaintiff was employed by Defendant from February 2018 until his wrongful termination on about August 23, 2019. The Plaintiff held the position of Quality Inspector, and performed within the reasonable expectations of the Defendant at all materials times to this Complaint.

5. During the Plaintiff's employment by the Defendant, multiple incidents occurred in which the Plaintiff reasonably believed he was being singled out for harassment due to his race. During the week of April 22, 2019 while the Plaintiff operated his three-wheel cart, a white coworker who was a pipe fitter that was driving another cart, approached Plaintiff aggressively in and almost ran into the Plaintiff, although Plaintiff had the right of way. The pipe fitter then raised his voice and told the Plaintiff "F*ck you!" when the Plaintiff asked him to not drive in that manner. The Plaintiff complained of the incident with the coworker to a white Superintendent who had seen it happen.

6. On April 25, 2019, Superintendent went to one of the lead men and told him Plaintiff "better watch himself". The following day, Plaintiff talked to the Superintendent about the conversation with the lead man, and the Plaintiff asked him not to disclose the Plaintiff's personal concerns with the lead man. The Superintendent responded by yelling and cursing at Plaintiff. Later that day, Plaintiff went to the Superintendent to talk with him again about the original incident with the white coworker. The Superintendent again responded by yelling and cursing at Plaintiff. After this tirade, Plaintiff wrote a letter of complaint about his mistreatment and took it to Human Resources.

7. For over a year during Plaintiff's employment, it had been customary in non-production departments such as the one he worked in, that when work was slow, Plaintiff and his similarly situated co-workers were told they could sit in the area of the supervisors' office rooms and stay there until called back to the work floor for a new tasks as they arose. The Plaintiff frequently used such down time to complete paperwork.

8. On August 3, 2019, Plaintiff's shop foreman issued him a "no work pass" after the first two hours of the shift, due to there not being sufficient work to perform. The Plaintiff did not go home after receiving the pass, but waited in the office area, remaining essentially "on call" for when there was more work to do. One or more other employees also waited in the office room as well.

9. A couple of weeks later, Plaintiff heard from coworkers that a rumor was going around that Defendant had allegedly recorded Plaintiff sleeping on the job for 6 hours.

10. On or about August 23, 2019, Defendant terminated Plaintiff for allegedly "stealing time" from the company, and claimed the Plaintiff had been videoed sleeping in the back-office area for an extended period during a shift.

11. Defendant had treated Plaintiff more harshly and less favorably than similarly situated employees that were outside of Plaintiff's color/race, who engaged in substantially the same or worse conduct than what Plaintiff had been accused of committing. One employee had been caught in an incident engaging in improper or illegal conduct in the office area, others were known to smoke back in the area, and one or more other employees were known to sleep on the job sometime well past the end of their allotted breaks. Sleeping on breaks was a common and well-known occurrence in particular

3

for third shift employees, and a number of whom took extended breaks and slept in the office area.  By information and belief, no one other than Plaintiff was fired for the conduct.

12. Plaintiff contends that the proffered reason for termination was false and pretextual and that in reality Defendant discriminated against, harassed, and/or retaliated against him in violation of his federally protected rights under Title VII and § 1981.  Defendant's discriminatory, harassing and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of his job and job-related benefits including income, and also subjected Plaintiff to inconvenience, emotional distress, and other damages and injuries.

13. Defendant's discriminatory, harassing and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under Title VII and § 1981.  Imposition of punitive damages is appropriate.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**


/s/_____
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
Attorney for Plaintiff